# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3440
_____

United States of America

*Plaintiff - Appellee*

v.

David Lee Davis, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: October 2, 2025
Filed: October 7, 2025
[Unpublished]
_____

Before SMITH, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

David Davis appeals the sentence imposed by the district court[1] after he pleaded guilty to a drug offense. His counsel has moved for leave to withdraw and

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), discussing potential arguments challenging Davis's sentence.

Upon careful review, we conclude that the district court did not err in sentencing Davis. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461-62, 464 (8th Cir. 2009) (en banc) (in reviewing sentence, appellate court first ensures that district court committed no significant procedural error, such as improperly calculating Guidelines range, then considers substantive reasonableness of sentence under abuse-of-discretion standard). To the extent Davis contends that the government withheld evidence material to sentencing, we conclude that he failed to show that the government failed to disclose any such information. <u>See</u> <u>Dye v. Stender</u>, 208 F.3d 662, 665 (8th Cir. 2000) (prosecution is required to divulge all evidence favorable to accused that is material either to guilt or punishment). We also defer any claims of ineffective assistance of counsel for collateral review. <u>See</u> <u>United States v. McAdory</u>, 501 F.3d 868, 872 (8th Cir. 2007) (noting ineffective-assistance claims are ordinarily deferred to 28 U.S.C. § 2255 proceedings).

Having independently reviewed the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal. Accordingly, we affirm and grant counsel's motion to withdraw.

_____